IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CLAIRMUNDO DASILVA,<br>    Plaintiff,<br><br>        v.<br><br>STATE OF RHODE ISLAND<br>    Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 25-cv-224-JJM-PAS<br>)<br>)<br>)<br>) |

ORDER

The filing by the Plaintiff of a Motion to Proceed *In Forma Pauperis* ("IFP") (without prepayment of a filing fee) requires the Court to assess the Complaint to determine whether it states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (procedure when an IFP Motion is filed). The Plaintiff is proceeding *pro se* (without an attorney) and because he is representing himself, he is required to follow the normal Federal Civil Rules of Procedure, but the Court will apply those rules liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

This Complaint as written cannot proceed because it does not state a plausible federal claim for relief. The Plaintiff is given 30 days to file an Amended Complaint which satisfies the 28 U.S..C. § 1915 standard. While following the rules is necessary, it is challenging for the non-lawyer and the following comments are intended to assist the Plaintiff in writing an Amended Complaint should he choose to do so.

1. A federal Court only has jurisdiction over certain actions. With some additions not relevant to this Plaintiff, it has two types of jurisdiction:

diversity jurisdiction, 28 U.S.C. § 1332, and federal-question jurisdiction, 28 U.S.C. § 1331. Mr. DaSilva has not checked off either box, but there cannot be diversity jurisdiction here if he is complaining of something Rhode Island officials did. Diversity jurisdiction is only intended for Complaints where the plaintiff and defendants live in *different* states. Here, Mr. DaSilva gives a Pawtucket, R.I. address and he is suing the State of Rhode Island. Federal-question jurisdiction occurs when the claim alleges a violation of a federal statute or the United States Constitution. When a Complaint alleges a violation of the Constitution, it must state *why* the Constitution was violated (for example, that an arrest was made without probable cause, or that a search was conducted unlawfully).

2. This Complaint states that its cause of action is "discrimination." That is not specific enough. The United States Constitution specifies certain types of discrimination as unlawful and, more importantly, a whole series of federal statutes prohibit specific types of discrimination. For example, discrimination in employment is prohibited against persons with disabilities, 42 U.S.C. 12112 *et seq.* and is prohibited because of age, 29 U.S.C. § 621 *et seq.* Many federal statutes prohibit discrimination in other situations and against people with other attributes, such as race, gender, and sexual orientation. A violation of any of these statutes can be addressed by a federal court with federal-question jurisdiction.

3. Usually in a civil rights complaint, a particular person (or persons) is identified as having done something unlawful. When the name of the person is not known, they may be sued using a "John Doe" pseudonym, or by description (for example, "clerk at a particular state agency"). When a constitutional right is alleged to have been violated, federal jurisdiction is usually provided by 42 U.S.C. § 1983, which applies when a state actor violates the constitution and deprives someone of their civil rights. But in those actions, the State itself generally cannot be sued for damages. *Will v. Michigan*, 491 U.S. 58 (1989).

4. The Complaint requests $75,000.00 in damages but does not explain how that amount was arrived at.

In layman's terms, a Complaint must answer the following questions: who did what to the Plaintiff and why was what they did a violation of a federal right? It should be a "plain statement," Fed. R. Civ. P. 8(a), and does not have to be overly detailed, but it must include this very basic information. In this Complaint, the Court

has no explanation of why Mr. DaSilva believes he was discriminated against and who it was at which state agency who he believes to have been at fault.

Because this Complaint does not include any description of what happened to the Plaintiff and why it violated federal law, it cannot go forward as written. The Plaintiff may file an Amended Complaint that satisfies the "plausible federal claim" standard on or before July 16, 2025.

IT IS SO ORDERED:

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief Judge
U.S. District Court

June 17, 2025